UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Scott Andrew Kohser,**

        **Petitioner,**

    v.

**Connie Roehrich,**

        **Respondent.**

Civil No. 05-3018 (JMR / SRN)

**REPORT & RECOMMENDATION**

---

    Scott Andrew Kohser, Minnesota Correctional Facility Faribault, 1101 Linden Lane, Faribault, Minnesota, 55021, Petitioner, pro se.

    Thomas R. Ragatz, Minnesota Attorney General's Office, Suite 1800, 445 Minnesota Street, St. Paul, Minnesota, 55101, for Respondent.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

    This matter is before the undersigned Magistrate Judge of the District Court on the Petitioner's motion "For Relief From Court Order" or, in the alternative, "An Extension To Submit Habeas Corpus" (Docket No. 11), and his "Motion of Notice of Non-Abatement and Case Activity" (Doc. No. 14). Petitioner has also moved to proceed *in forma pauperis*. (Doc. No. 4.) The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.

    Petitioner's original federal habeas petition was dismissed without prejudice and his motion for relief from that Order was deemed to constitute the initial filings in a new federal habeas action. Petitioner has yet to file, however, an actual new habeas petition as directed. For the reasons discussed below, this Court recommends (1) that Petitioner's motion for relief from prior orders be denied, (2) that his request for an extension to file the petition be conditionally granted, (3) that his motion for notice of his "non-abandonment" of his action be denied as moot,

and (4) that his motion to proceed *in forma pauperis* be granted. The Court also recommends that Petitioner's filings be construed to include a motion for a stay and that that motion be denied without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted in state court of first-degree burglary, theft of a motor vehicle and fleeing a police officer. State v. Kohser, 2001 WL 969024 (Minn. App. 2001). He appealed his conviction to the Court of Appeals of Minnesota, which affirmed on August 28, 2001. Id. at *6. The Minnesota Supreme Court denied further review on October 24, 2001. Id. Petitioner apparently did not seek review in the United States Supreme Court.

He then sought post-conviction relief in state court, filing his petition in January 2003. The district court denied that petition in August 2003. The Court of Appeals of Minnesota affirmed on December 13, 2005. Kohser v. State, 2005 WL 3370861 (Minn. App. 2005). The Minnesota Supreme Court denied further review on February 22, 2006. See id. Petitioner again apparently did not seek review in the United States Supreme Court.

In the interim, on October 24, 2002, Petitioner filed–in federal court–a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1, No. 02-CV-4168.) Because Petitioner improperly included unexhausted claims in his Petition, the federal district court dismissed his petition without prejudice to allow Petitioner to exhaust all of his claims in state court before filing a new federal petition. (Doc. Nos. 14 & 15, No. 02-CV-4168.)

On December 8, 2005, Petitioner filed a motion in federal court for relief from the federal court's order dismissing his 2002 habeas petition, asking for leave to amend his prior habeas corpus petition. (Doc. No. 19, No. 02-CV-4168.) Petitioner explained that he requested relief

from the 2002 dismissal order because he understood the United States Supreme Court's intervening March 2005 ruling in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), to now permit federal courts to stay mixed petitions such as his rather than dismissing them.

In response, the federal court ordered that "Petitioner's December 8, 2005, filings . . . shall be considered the initial filings in a new civil case," and thus also advised Petitioner "to file a petition setting out his grounds for habeas corpus relief." (Order of Jan. 30, 2006 (Rosenbaum, C.J.) (Doc. No. 25, No. 02-CV-4168; Doc. No. 1, No. 05-CV-3018.) Accordingly, the Clerk of Court opened this present action, No. 05-CV-3018, as a new file and closed the initial file, No. 02-CV-4168.

On March 6, 2006, this Court noted that "Petitioner still has not filed a new habeas corpus petition." (Order of March 6, 2006 (Doc. No. 9).) This Court thus ordered Petitioner to file such a petition, accompanied by a supporting affidavit that would (1) explain the procedural history of his case to facilitate this Court's determination of whether his case would be time-barred under 28 U.S.C. § 2244(d), and (2) identify each of the claims that he had raised in state court to facilitate this Court's determination of whether his claims were properly exhausted so as to permit federal habeas review. (<u>Id.</u> at 2.) This Court clarified that should he not file such a petition and affidavit by March 24, 2006, "he will be deemed to have abandoned this action, and the Court will thereafter recommend that this action be summarily dismissed pursuant to Fed. R. Civ. P. 41(b)." (<u>Id.</u>)

To date, Petitioner has not filed the new habeas petition as directed by this Court. Instead, on March 14, 2006, Petitioner filed a "Motion For Relief From Court Order[,]

3

Alternatively An Extension To Submit Habeas Corpus." (Doc. No. 11.)[1] Petitioner sought (1) relief pursuant to Rule 60 in the form of the Court withdrawing its Order of Jan. 30, 2006 (which deemed his December 2005 filings to be the "initial filings in a new civil case") or, alternatively, (2) an extension of time of at least one month to file the habeas petition as directed in this Court's March 6, 2006 Order. (Id.) He explained that he did not request or expect the particular relief the Court in fact granted in January 2006, and reiterated his understanding that he is now entitled to a stay under Rhines. Furthermore, he asserted that due to a variety of reasons–none of which he claims were his fault or reflective of his delay–the state courts were requiring him to file a second post-conviction petition and that he was attempting to do so in order to exhaust all of his claims before filing the federal habeas petition. (Id.)

It appears that the state district court denied Petitioner's second post-conviction petition on April 4, 2006, and that all briefing in his appeal of that decision to the Minnesota Court of Appeals was completed in early October 2006. The state appellate court has not yet issued any decision.

On October 6, 2006, Petitioner filed a "Motion of Notice of Non-Abatement and Case Activity." (Doc. No. 14.) He stated that this filing did not "require a response from this Court," explaining that he simply intended to inform this Court that he had not abandoned his intent to file a new federal habeas petition, but rather was waiting for the state court of appeals to issue its decision in his second petition for post-conviction review so that his federal petition would not

---

[1] On March 20, 2006, Petitioner supplemented this motion with another filing entitled "Motion of Amendment To Motion For Relief From Court Order [or,] Alternatively An Extension To Submit Habeas Corpus," (Doc. No. 12), which purported to provide additional facts in support of the prior motion. This Court will treat both filings as a single motion.

contain unexhausted claims.  (Id. at 4-6.)  Petitioner asserted that he would serve his federal writ within 20 days of the date of the final ruling from the Minnesota Court of Appeals on his state post-conviction petition.  (Id. at 7.)  He also reiterated his belief that he would be entitled to a stay of his federal habeas proceedings under the Supreme Court's decision in Rhines.

## II.   DISCUSSION

It appears that the present posture of Petitioner's post-conviction proceedings, both state and federal, has resulted from the confluence of (1) various alleged errors and events that culminated in Petitioner being required to file a second post-conviction petition in state court, and (2) his refusal–although not without explanation–to follow this Court's direct instructions as to how to proceed in federal court.

As Petitioner explains, he sought the particular relief he requested back in December 2005 because he understood that the Supreme Court's decision in Rhines v. Weber, 125 S. Ct. 1528 (2005)–permitting the holding of mixed petitions in abeyance, rather than dismissing them without prejudice–entitled him to a stay of his 2002 habeas petition pending the exhaustion of his claims in state court.  Claiming that he did not intend for this Court, in its Order of January 30, 2006, to rule that his December 2005 motion shall be treated as the filing of a new federal habeas action, Petitioner explains that he submitted his March 2006 motion–which requests similar relief from the Order of January 30, 2006–for the same reason, that is, that the decision in Rhines should have permitted his original habeas petition to be held in abeyance.

He explains that he now seeks the withdrawal of the January 30, 2006 Order and the denial of all relief requested in his December 2005 motion, thereby placing him "in the position he was in prior to filing that motion," so as to allow him "to properly abide by the exhaustion

requirements and still have a fair chance to submit a writ upon exhaustion in the state system." (Doc. No. 12, at 2.)

Finally, Petitioner asserts he is in the midst of a second post-conviction proceeding in state court and expects an appellate ruling on that petition shortly. The reasons for Petitioner having to file the second petition in state court are largely irrelevant to the disposition of the present motions. For present purposes this Court will not now question Petitioner's assertions that the mistakes of others and the resulting confusion–as opposed to any failure or culpability on Petitioner's part–necessitated the second post-conviction proceeding in state court.

Based on the unique facts of this case, this Court will permit Petitioner one more chance to comply with its orders by filing a new habeas petition.

### A. Petitioner Is Not Entitled To Relief From The Court's Prior Orders

Petitioner has requested relief from several prior orders of the Court. In December 2005 he requested relief from the 2002 dismissal of his first federal habeas petition and, when that relief was not granted, he requested relief from the Court's January 2006 order that deemed his December 2005 request to constitute a new action. It also appears that Petitioner is seeking relief from this Court's Order of March 6, 2006, directing him to file a new federal habeas petition pursuant to the January 2006 order.

The Court cautions Petitioner that when he is ordered to take particular action, he must–absent certain circumstances not present here, see Fed. R. Civ. P. 60 (providing for relief from such orders)–comply with such orders or face the stated consequences.

### 1. State Prisoners Must First Have Exhausted Their State-Court Remedies Before Filing Federal Habeas Petitions

The Court's 2002 dismissal of his first federal habeas petition was correctly decided under the then-applicable law because that petition included unexhausted claims. Before bringing a petition for a writ of habeas corpus, a prisoner in custody pursuant to the judgment of a State court generally must have first "exhausted the remedies available in the courts of [that] State." 28 U.S.C. § 2254(b)(1)(A). Where a state prisoner includes unexhausted claims in addition to exhausted claims in the petition, the United States Supreme Court originally had ruled that "a district court must dismiss" such "'mixed petitions.'" Rose v. Lundy, 455 U.S. 509, 510 (1982). Under the procedure contemplated in Rose, a federal court would dismiss without prejudice, leaving a petitioner free either to return to state court to exhaust his remedies there before pursuing any federal relief, or to amend the petition by deleting those unexhausted claims.

### 2. The Supreme Court's 2005 Decision in Rhines Does Not Automatically Warrant A Stay Where A Petitioner Files A Mixed Petition

Petitioner now seeks (and persistently has sought) relief from the various federal court orders at issue under the assumption that dismissal was inappropriate because he is entitled to the modified procedure for ruling on "mixed petitions" that the United States Supreme Court announced in Rhines v. Weber, 544 U.S. 269 (2005)–that is, to stay habeas petitions containing unexhausted claims pending their final resolution in state court. Accordingly, this Court construes Petitioner's present filings to also include a motion for a stay under Rhines.

Contrary to Petitioner's suggestion, however, he is not automatically entitled to a stay simply because he might present a mixed petition. Although this Court has the discretion to stay such petitions, a stay "should be available only in limited circumstances," that is, only "when the

district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277.

Here, however, no such showing of good cause has been made, mostly due to the fact that no federal habeas petition is presently before the Court on which it could evaluate any such assertion of good cause. Moreover, even if good cause were to be shown, a court should deny a stay where a petitioner's "unexhausted claims are plainly meritless." Id. This too cannot be determined absent a new habeas petition. Nor can this Court determine on the present record whether he might have "engage[d] in abusive litigation tactics or intentional delay." Id.

In short, the 2002 dismissal order was proper and the January 2006 order was not in error for not granting petitioner's request for a stay. Accordingly, Petitioner is not entitled to relief from the prior orders of this Court. Nor is he entitled at the present procedural juncture and on the present record to a stay of proceedings under Rhines.

### B. In Light Of The Unique Facts, This Court Will Permit Petitioner One Final Opportunity To File A New Federal Habeas Petition

This Court's Order of March 6, 2006, noted that failure to file a new federal petition within the specified time period could result in dismissal of this action. Nevertheless, based on Petitioner's assertion that he is (and has been) diligently attempting to exhaust his state court remedies in a second post-conviction proceeding before filing a new federal habeas petition, this Court will permit him one final opportunity to do so.

As directed in this Court's Order of March 6, 2006, Petitioner should file, unless he chooses to forgo federal habeas review, a new habeas corpus petition within 30 days of the date of the District Court's Order should it adopt this Report and Recommendation. Failure to do so will result in a dismissal of this action with prejudice. He should also simultaneously file a

separate affidavit that (1) explains the procedural history of his case to facilitate this Court's determination of whether his case would be time-barred under 28 U.S.C. 2244(d), and (2) identifies each of the claims that he had raised in state court to facilitate this Court's determination of whether his claims were properly exhausted so as to permit federal habeas review.

Furthermore, to prevent any further delay and resulting confusion in this matter, Petitioner should file the petition and affidavit within the prescribed time period regardless of whether the state appellate courts have ruled on his second state-court petition within that period. In other words, Petitioner should thus include in his federal petition all of the claims he wishes to present regardless of whether he has exhausted his state-court remedies with respect to those claims. If unexhausted claims remain, this Court would then entertain a proper motion to stay these proceedings under <u>Rhines</u> pending the final resolution of his state-court proceedings.

### C. Petitioner May Continue To Proceed *In Forma Pauperis*

Finally, Petitioner has moved to proceed *in forma pauperis* (IFP). In his original federal habeas action, the Court permitted him to so proceed. (Doc. No. 10, No. 02-CV-4168 (granting motion to proceed IFP).) Accordingly, Petitioner will be allowed to continue to proceed IFP.

### D. Resolution of Any Remaining Issues Must Await A Proper Motion Based On A More Complete Record

The Court wishes to clarify what the present ruling does not address. First, it is not clear whether Petitioner's first post-conviction petition in state court exhausted (or whether his second petition will exhaust) all of his state-court remedies. Second, it is not clear whether Petitioner's one-year period for seeking federal habeas relief has run. Third, if Petitioner files a new federal petition as directed, it is not clear whether it would be appropriate to stay the proceedings under

Rhines. This Court does not, at this juncture, rule on any such matters.

With respect to whether the one-year period for filing a federal habeas petition has run, this Court reiterates that the present record does not permit any conclusions. Nevertheless, in order to facilitate Petitioner's drafting of the supporting affidavit, this Court notes the following facts and legal principles.[2]

First, a state court prisoner is now subject to a one-year limitations period in which to pursue federal habeas relief, with the one-year period generally running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the Minnesota Supreme Court denied review of his conviction on October 24, 2001. It does not appear that he then sought review in the U.S. Supreme Court, but the one-year period would not have started running until after the expiration of the 90-day period for doing so. E.g. Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (8th Cir. 2003). Accordingly, his one-year period presumably would not have begun until about January 22, 2002.

That period is tolled, however, during the pendency of state post-conviction proceedings, but not federal post-conviction proceedings. Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (holding that second federal petition, which was filed after first petition was dismissed without prejudice for failure to exhaust state-court remedies, was time-barred). It appears that Petitioner filed his first petition for post-conviction review in state court in January 2003–close to the expiration of the one-year period. Those state-court proceedings did not end until February 22,

---

[2] If Petitioner believes that any of the following facts are not accurate, he should clarify as much in the supporting affidavit he would submit in conjunction with the new habeas petition.

2006, when the Minnesota Supreme Court denied his petition for further review of the state court of appeals' decision denying his petition for post-conviction relief.

It is not clear from the present record when Petitioner filed his second post-conviction petition in state court. Petitioner should include all such relevant information in the supporting affidavit that this Court has directed him to file in conjunction with any new federal petition. This Court again cautions, however, that neither the present ruling nor any prior decision from the Court should be construed as having ruled on this issue.

### III.   CONCLUSIONS

Petitioner is not entitled to relief from the prior orders in his federal habeas actions. This Court construes his present motions as one also seeking a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). At this juncture a stay must be denied, however, because there presently is no federal habeas petition on file to hold in abeyance. Petitioner should be granted an extension of thirty days in which to file a petition for habeas corpus that includes a detailed supporting affidavit as discussed above. If a proper federal habeas petition is timely filed, this Court would entertain a proper motion to stay if, at that time, Petitioner's state-court post-conviction proceedings would still be pending. In light of the above, Petitioner's "motion for notice of non-abandonment" is denied as moot. Finally, Petitioner should be allowed to continue to proceed IFP.

### IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1.   Petitioner's motion for relief from the Order of January 30, 2006, or the Order of

March 6, 2006 (Doc. No. 11) be DENIED;

2.  Petitioner's motion in the alternative for an extension of time for filing a new habeas petition (Doc. No. 11), be GRANTED under the above-stated conditions;

3.  Petitioner's filings be construed to also include a motion for a stay pursuant to Rhines v. Weber, but that the motion (Doc. No. 11) be DENIED WITHOUT PREJUDICE;

4.  Petitioner's motion to proceed IFP (Doc. No. 4) be GRANTED; and

5.  Petitioner's motion for notice of non-abatement (Doc. No. 14) be DENIED AS MOOT.


Dated: January 30, 2007

   s/ Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by February 14, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.